*E-FILED - 8/17/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KLA-TENCOR CORPORATION,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MURPHY, RENWICK THOMPSON, PETER HOOPER, RUIXIA CHEN, and INSPECSTAR, LLC, a California limited liability company,<br><br>Defendants. | Case No. C 09-01922 RMW<br><br>STIPULATED PERMANENT INJUNCTION AND [xxxxxxxxxx ORDER (RE DEFENDANT CHEN) |

Plaintiff KLA-Tencor Corporation ("KT") filed an *ex parte* motion for temporary restraining order and order to show cause on May 4, 2009. This Court on May 4, 2009, at 6:30 p.m. issued its order granting a restraining order, allowing for expedited discovery and also granting KT's request to secure certain electronic evidence (hereinafter "TRO"). The TRO required the Defendants to show cause on May 14, 2009, why a preliminary injunction should not be entered against them. The parties thereafter stipulated to an extension of the TRO and continuance of the hearing to May 22, 2009. The Court on June 5, 2009, issued its Preliminary Injunction Against All Defendants.

KT and Defendant Ruixia Chen have entered into an agreement to resolve the claims asserted in this action against Ms. Chen individually and, pursuant to that Agreement, have

agreed to the terms of this Stipulated Permanent Injunction. This Order supersedes the terms of the Preliminary Injunction Against all Defendants as that Order pertains to Ms. Chen. The Court hereby orders as follows:

1. For purposes of this Stipulated Injunction:

    (a) "KT Protected Materials or Information" shall mean all KT trade secret or confidential materials and information, including but not limited to KT product architecture documents, including schematics and other drawings; KT fabrication and production documents; KT financial information; KT service manuals, procedures and checklists; KT system test documentation and procedures; KT software and software passwords; KT customer information and records, including contracts between KT and its customers; KT tool warranties; KT tool service and maintenance history files and information; KT pricing information for its products and services; KT records specifying which KT tools have been sold to which customers and associated records reflecting tool installation, repair and maintenance, and/or KT employee training documents, information and online course materials; KT tools used in the installation, maintenance and upgrading of KT systems; and KT documentation and information regarding parts for its systems; information, technical data and know-how relating to KT products and prototypes, KT business and product plans, KT manufacturing processes, KT research and development programs, KT product specifications and designs, KT algorithms, KT computer hardware configurations, KT test data; KT strategic plans; KT vendors, including terms of agreements with vendors; KT employment records, and employee performance and evaluation information; materials and things provided to third parties by KT pursuant to contracts limiting their further distribution or dissemination without KT's permission; and information given to KT by other companies pursuant to confidentiality agreements, all of the above whether in electronic, hard-copy, or other form;

    (b) "Trade secret" shall have the meaning provided in California Civil Code Section 3426.1(d) and relevant case law; and

    (c) "Confidential" shall include trade secret materials and information, as well as the following: materials marked by KT as CONFIDENTIAL; private information about or

obtained from employees or contractors, or information that otherwise implicates privacy rights; non-public KT materials and information; information given to KT by individuals or other companies pursuant to confidentiality agreements; privileged information; materials and information provided under circumstances showing that KT intended them only for limited distribution or disclosure; KT materials and information which, if disclosed, could potentially be prejudicial to KT, its customers or its investors, or harm KT's competitive position.

2. In order to protect KT's trade secrets and consistent with the Settlement Agreement, Ms. Chen, together with anyone acting on her behalf in any capacity, shall not engage in, commit or perform, directly or indirectly, any of the following acts:

(a) Acquiring, maintaining, disclosing, using or transferring any KT Protected Materials or Information by (i) making any copies of such information, whether electronically or by any other means; (ii) communicating such information to any third party, excluding counsel representing the parties in this litigation; (iii) transferring such information to any other storage media, computer, server, facility, or other tangible or intangible thing where such information might be stored, except as provided by the parties' Settlement Agreement; (iv) transferring such information to any location, including any location out of the country, whether by electronic means or any other means, except as provided by the parties' Settlement Agreement; (v) selling or licensing such information to any third party; (vi) providing any product or service to any third party that incorporates or requires use of such information; (vii) offering to provide to any third party any product or service that incorporates or requires use of such information; (viii) using such information for research or development, or for any other commercial purposes; or (ix) any other means;

(b) Contacting, soliciting or hiring any current or former employee of KT for the purpose of obtaining, directly or indirectly, any KT Protected Materials or Information;

(c) Working on or with KT equipment or software, in any capacity, or providing training to anyone regarding KT equipment or software, except with the advance written permission of KT, since the parties agree that such activities would require the unauthorized use of KT trade secrets;

(d) Contacting or soliciting KT customers, or any other person or entity that owns, leases or otherwise possesses any KT product, for the purpose of offering, promoting or in any way providing, directly or indirectly, services for any KT product, since the parties agree that such activities would require the unauthorized use of KT's trade secrets.

3. If she has not already done so before issuance of the Order, then by no later than seven calendar days after issuance of this Order, Ms. Chen shall take the following steps to preserve evidence: (a) Ms. Chen shall give to KT any materials, things, documents, files and records, in whatever form, that are the property of KT or that contain any KT trade secret, confidential or other proprietary material or information; (b) Ms. Chen shall provide to KT the email address and password for every email account that she uses or has used between August 1, 2008, and August 16, 2010 (the "Effective Date" of the parties' Settlement Agreement), other than her current work email account (rchen@ledengin.com), so that KT or a computer expert designated by KT may, within 30 days of the date on which the email addresses and passwords are provided to KT, create an electronic copy of the complete contents of such email accounts, and (c) Ms. Chen shall provide to KT or a computer expert designated by KT for copying all electronic storage media not previously copied pursuant to the TRO and that contains any information or materials that relate to KT in any way or that are relevant to the claims in this Litigation. Compliance with this Order shall not be construed as Ms. Chen's waiver of her attorney-client privilege.

4. Consistent with the terms of the Settlement Agreement, within seven calendar days of the Effective Date, Ms. Chen shall take all steps necessary to ensure that she no longer has in her possession, custody or control any documents, writings, things or information of any kind that belong to KT, were obtained from KT without permission to retain following termination of her employment, or that constitute, refer to, reflect, concern, or were derived from any KT Protected Materials and Information, whether in electronic, hard-copy, or other form. Ms. Chen shall comply with this provision either by providing the documents, writings, things or information of any kind to KT or, in the case of electronic data, by deleting or destroying the data in her possession, custody or control, so long as copies previously were obtained for preservation by KT

1 | or a computer expert designated by KT.

2 |     5.    Pursuant to the TRO, the Computer Investigator selected by KT is currently in
3 | possession of the original master copy of Electronic Storage Devices obtained from Ms. Chen.
4 | Pursuant to this Stipulated Injunction and Order, the Computer Investigator is required to turn
5 | over all original master copies of Electronic Storage Devices obtained from Ms. Chen in its
6 | possession, custody and control to KT.

7 |     6.    The restrictions in paragraph 2 of this Order shall not apply to information that Ms.
8 | Chen can document (i) was independently developed without unauthorized use of KT trade
9 | secret, confidential or proprietary information or materials; (ii) was publicly disclosed by KT; (iii)
10 | was lawfully disclosed by a third party having no obligation of confidentiality, or (iv) otherwise
11 | entered the public domain through no improper action or inaction by Ms. Chen (or any affiliate,
12 | agent, consultant or employee of hers).

13 |     7.    This Court shall retain ongoing jurisdiction with respect to enforcement of this
14 | Stipulated Injunction and the parties' Settlement Agreement, the terms of which are incorporated
15 | by reference.

16 | IT IS SO STIPULATED.

18 | KLA-Tencor Corporation                       Ruixia Chen

20 | By: _____                _____
21 | Name: Brian Michael Martin                   Date: 8/12/2010
22 | Title: Senior Vice President General Counsel
23 | Date: 8/16/2010

1  IT IS SO ORDERED.

2

3  Dated: ___8/17___, 2010

*Ronald M. Whyte*

The Honorable Judge Ronald M. Whyte
Judge of the United States District Court,
Northern District of California